Filed 11/10/21  P. v. Ramos CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049047 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 20CR010152) |
| v. | |
| NICHOLAS MARTIN RAMOS, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Nicholas Martin Ramos pleaded no contest to evading an officer while driving with willful disregard (Veh. Code, § 2800.2, subd. (a)), misdemeanor resisting an officer (Pen. Code, § 148, subd. (a)(1)),[1] and misdemeanor possession of an injection or ingestion device (Health & Saf. Code, § 11364, subd. (a)), and admitted that he had two prior strike convictions (§ 1170.12, subd. (c)(2)).[2]  The trial court denied defendant's *Romero*[3] motion and sentenced defendant to 32 months in prison.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case but raises no issues.  We

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The parties later agreed that defendant only had one prior strike conviction.

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

notified defendant of his right to submit written argument on his own behalf within 30 days. We have received no written argument from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and determined that there are no arguable issues on appeal. Following the California Supreme Court's direction in *Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*[4]

On November 26, 2020 at approximately 2:20 a.m., Monterey County Sheriff's Deputy Matthew Bradford contacted defendant to conduct a welfare check. Defendant's vehicle was pulled over on the right shoulder of the road with its hazard lights blinking. Deputy Bradford was in uniform and his patrol vehicle was marked. Deputy Bradford noticed when he spoke to defendant that defendant had "his hand on the ignition as if maybe he was going to take off before [the deputy] contacted him." After Deputy Bradford initially spoke to defendant, he learned that defendant had an outstanding felony warrant, was known to carry firearms, and was a known gang member.

When Deputy Bradford asked defendant to exit his vehicle, defendant turned the vehicle on and sped off. Deputy Bradford pursued defendant, activating his patrol vehicle's red lights and siren. Defendant ran a red light and "drove aggressively" in a residential neighborhood, speeding up and slowing down "multiple times." Defendant's speed fluctuated from 10 to 50 miles per hour; the speed limit in the neighborhood was 25 miles per hour. Deputy Bradford was concerned for people's safety and property based on defendant's driving.

---

[4] The facts are based on the evidence presented at the preliminary hearing, which provided the factual basis for defendant's plea.

Deputy Bradford executed "a PIT maneuver," terminating the pursuit. Defendant did not follow Deputy Bradford's directives and resisted multiple officers and deputies when he was removed from his vehicle.

A search of defendant revealed a glass pipe with methamphetamine residue. Defendant told Deputy Bradford that he "ran because he didn't want to lose his vehicle."

**B. *Procedural Background***

Defendant was charged by information with evading an officer while driving with willful disregard (Veh. Code, § 2800.2, subd. (a); count 1), misdemeanor resisting an officer (§ 148, subd. (a)(1); count 2), and misdemeanor possession of an injection or ingestion device (Health & Saf. Code, § 11364, subd. (a); count 3). It was also alleged that defendant had two prior strike convictions (§ 1170.12, subd. (c)(2)).

Defendant filed a motion to dismiss pursuant to section 995, which the trial court denied.

Pursuant to a plea agreement, defendant pleaded no contest to the charges and admitted the strike allegations. The parties agreed that defendant would be sentenced to no more than 16 months on count 1, which could be doubled to 32 months under the three strikes law, and that defendant could bring a *Romero* motion requesting the court to exercise its discretion to strike defendant's prior strike convictions.

Defendant filed a *Romero* motion. The prosecution filed written opposition.

At the sentencing hearing, the parties agreed that defendant had only been convicted of one prior strike (§ 1170.12, subd. (c)(1)). The trial court denied defendant's *Romero* motion, finding that defendant was not someone outside the spirit of the three strikes law based on his criminal history and because he was on post-release community supervision and had an active warrant for his arrest when he committed the current crimes.

The trial court sentenced defendant to the low term of 16 months on count 1, which it doubled under the three strikes law, and concurrent terms of 364 days on

counts 2 and 3.  The court imposed various fines, fees, and assessments and awarded defendant 148 days of credit, which consisted of 74 days of custody credit and 74 days of conduct credit.

The trial court subsequently modified the sentence on count 3 to 180 days concurrent with count 1.  The court also modified the credit awarded to defendant to 149 days, consisting of 75 days of custody credit and 74 days of conduct credit.

### III.    DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

### IV.    DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.


_____
WILSON, J.


*People v. Ramos*
**H049047**